# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JUDITH HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV168 SNLJ |
| | ) | |
| DUNKLIN COUNTY HEALTH | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case

can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged race discrimination. Plaintiff also appears to bring this action for violations of the Missouri Human Rights Act. Plaintiff was issued a right to sue letter by the EEOC, which was mailed to plaintiff on June 28, 2010. Plaintiff was issued a right to sue letter by the Missouri Commission on Human Rights, which was mailed to plaintiff on August 11, 2010.

A plaintiff in a Title VII action has ninety days from receipt of the EEOC's right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the mailing of the EEOC's right to sue letter ended on September 26, 2010. Plaintiff did not file the instant complaint until October 22, 2010. As a result, plaintiff's federal claims appear to be time-barred.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the claims should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

The Court notes that if plaintiff's federal claims are dismissed as time-barred, the Court will dismiss plaintiff's state law claims under 28 U.S.C. § 1367(c). Plaintiff's state law right to sue letter was issued on August 11, 2010. In the event that plaintiff's federal law claims may not proceed, plaintiff may wish to file her MHRA claims in state court prior to the state law deadline.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty (20) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this  8th  day of November, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE