# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JUDITH HILL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10CV168 SNLJ |
| DUNKLIN COUNTY HEALTH DEPARTMENT, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to the Court's order to show cause why this action should not be dismissed as time-barred. Plaintiff has failed to show that she is entitled to equitable tolling of the limitations period, and the Court will dismiss this action without further proceedings.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged race discrimination. Plaintiff also appears to bring this action for violations of the Missouri Human Rights Act. Plaintiff was issued a right to sue letter by the EEOC, which was mailed to plaintiff on June 28, 2010. Plaintiff was issued a right to sue letter by the Missouri Commission on Human Rights, which was mailed to plaintiff on August 11, 2010.

A plaintiff in a Title VII action has ninety days from receipt of the EEOC's right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the mailing of the EEOC's right to sue letter ended on September 26, 2010. Plaintiff did not file the instant complaint until October 22, 2010. As a result, plaintiff's federal claims are time-barred unless plaintiff can demonstrate that she is entitled to equitable tolling.

Plaintiff says that she was unable to comply with the limitations period because of her "health" and because she was unaware of the deadline.

In Turner v. Bowen, 862 F.2d 708 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit explained the kinds of circumstances that can support the equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of

legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979).

Turner, 862 F.2d at 710.

These circumstances are not present in this case. Plaintiff has not alleged that she was incapacitated due to her medical problems. And plaintiff's unfamiliarity with the law does not provide justification for tolling the statute of limitations period. As a result, the Court will dismiss this action as time-barred.

Because plaintiff's federal claims are dismissed, the Court will dismiss plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 8th day of December, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE